**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000965**
**28-FEB-2018**
**08:12 AM**

NO. CAAP-15-0000965

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STEPHAN DAMON MITCHELL, Petitioner-Appellee, v.
MAGGIE ANGELA HUNG, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 15-1-1403)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

This appeal arises out of a dispute involving an Order for Protection filed by Petitioner-Appellee Stephan Damon Mitchell, pro se, against Respondent-Appellant Maggie Angela Hung, and entered pursuant to Hawaii Revised Statutes ("HRS") section 586-5.5[1]/ on July 7, 2015, by the Family Court of the First Circuit ("Family Court").[2]/ Hung appeals from the Family Court's (1) November 2, 2015 Order Denying Motion to Dissolve Existing Order Filed On: October 14, 2015 ("Order Denying the Motion to Dissolve") and (2) December 1, 2015 order denying Hung's November 12, 2015 Hawaiʻi Family Court Rules ("HFCR") Rule

---

[1]/     HRS section 586-5.5 provides in relevant part:

> (a) If, after hearing all relevant evidence, the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.

Haw. Rev. Stat. § 586-5.5(a) (2006).

[2]/     The Honorable Kevin A. Souza presided.

motion for reconsideration of the Order Denying the Motion to Dissolve ("Order Denying the Motion for Reconsideration").[3/]

On appeal, Hung contends that the Family Court erred in denying her October 14, 2015 Motion and Declaration to Dissolve the Existing Order ("Motion to Dissolve") (1) when it "fail[ed] to allow [Hung] to appear [at] the hearing in person"; (2) when it failed to require that Mitchell present "solid proof" that Hung physically abused him; (3) when Hung "didn't get a chance to represent herself [at the July 7, 2015 hearing] due to breach of justice"; and (4) when Hung was "stranded in [Texas] because she didn't have any funds to go back to Hawaii to appear [at] the [July 7, 2015] hearing because [Mitchell] never sen[t] her any money at all and didn't want her to appear in court to fight against the [restraining order]."[4/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Hung's contentions as follows and affirm.

Hung's Motion to Dissolve was brought under HFCR Rule 60(b)(1). A trial court's denial of a motion under HFCR Rule 60(b) is reviewed under the abuse of discretion standard. *Citicorp Mortg., Inc. v. Bartolome*, 94 Hawaiʻi 422, 428, 16 P.3d 827, 833 (App. 2000).

Hung fails to establish that the Family Court abused its discretion in denying her Motion to Dissolve. The bulk of

---

[3/]     Hung's Notice of Appeal did not reflect an appeal from the underlying July 7, 2015 Order for Protection. Despite that, Hung claims in her opening brief to appeal from the Order for Protection. Any such appeal, however, would be untimely and was waived when no one timely appealed from the Order for Protection or filed any tolling motion after issuance of the July 7, 2015 order. Haw. R. App. 4(a)(1); *Riethbrock v. Lange*, 128 Hawaiʻi 1, 17, 282 P.3d 543, 559 (2012). Therefore, we treat the arguments advanced in Hung's opening brief as addressed to the November 2, 2015 Order Denying the Motion to Dissolve. *See infra* n.4.

[4/]     Although Hung's Notice of Appeal claims to appeal from the Order Denying the Motion for Reconsideration, her opening brief does not appear to address any arguments toward that order. Accordingly, the issue is waived. *In re Guardianship of Carlsmith*, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may "disregard a particular contention if the appellant makes no discernible argument in support of that position" (quoting *Norton v. Admin. Dir. of the Court*, 80 Hawaiʻi 197, 200 908 P.2d 545, 548 (1995)) (internal quotation marks and brackets omitted)).

her points of error are waived because they were not raised below or supported here by any discernible argument, or have no apparent bearing on, or are demonstrably inapplicable to, the HFCR Rule 60(b)(1) standards for relief. Her fourth point, however, touches upon the argument advanced in her Motion to Dissolve, that she failed to attend the hearing on Mitchell's Petition for an Order for Protection ("Petition") because she was allegedly misinformed about the consequences of appearing. Therefore, we construe Hung's fourth point of error to assert that the Family Court erred when it held in its March 21, 2016 Supplemental Record on Appeal [Findings of Fact and Conclusions of Law & Order] that Hung's failure to appear at the July 7, 2015 hearing on Mitchell's Petition resulted from Hung's "inexcusable neglect and/or [a] willful act." *See BDM, Inc. v. Sageco, Inc.* 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (holding that a motion to set aside a default entry may be granted wherever the court finds "(1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a willful act.") This court has held "that the third ground is dispositive." *Pogia v. Ramos*, 10 Haw. App. 411, 415-16, 876 P.2d 1342, 1345 (1994).

The Family Court found Hung in default when she failed to appear at the hearing on Mitchell's Petition, and, after conducting a proof hearing under HFCR 55(b), granted the Order for Protection. Hung's Motion to Dissolve requested that the Family Court set aside the Order for Protection "based upon [her] being misinformed about the consequences of appearing." Her accompanying declaration informed the Family Court of her reasons for non-appearance.

In ruling on the Motion to Dissolve, the Family Court concluded that "there is no doubt that the default resulted from [Hung's] own 'inexcusable neglect' and/or 'willful act'" because "the credible and reliable evidence suggests that [Hung] intentionally chose not to appear at the court hearing on July 7, 2015." The record supports the Family Court's conclusion.

First, Hung's declaration attached to the Motion to Dissolve confirms that Hung chose not to attend the July 7, 2015 hearing because she feared that "if [she] lost the TRO [she] would be put into jail." Second, a colloquy between Hung, Hung's attorney, and the Family Court establishes that Hung received the June 23, 2015 Notice of Hearing, understood the Notice of Hearing, and chose not to attend the July 7, 2015 hearing. Third, Hung does not explain any mistake, misunderstanding, or misapprehension, and does not appear to contest the facts stated in Mitchell's Petition, while the transcript of the July 7, 2015 hearing reflects that the Family Court conducted a proof hearing pursuant to HFCR 55(b) at which time the court examined Mitchell, and only thereafter issued the Order for Protection. Hung does not rebut the Family Court's finding that she was not present in court, that she had not asked the court to excuse her from appearing in person, and that three calls were made for her prior to commencing the hearing. Likewise, Hung does not explain why she was unable or unwilling to appear by telephone, as she did on other occasions, and therefore not subject herself to the perceived threat of arrest and prosecution.

Accordingly, the Family Court's denial of the Motion to Dissolve on the basis that Hung's non-appearance resulted from inexcusable neglect and/or a willful act, notwithstanding her lack of legal sophistication, is well-supported by the record, and not an abuse of discretion. *See Jack v. Jack*, No. CAAP-12-0000044, 2015 WL 836925 at *2 (Hawaiʻi App. Feb. 26, 2015) (finding no abuse of discretion when the family court denied a motion to set aside because the motion focused solely on the reasons for appellant's non-appearance); *see also Pogia*, 10 Haw. App. at 417, 876 P.2d at 1345-46 ("[L]ack of legal sophistication cannot form the basis of a claim of excusable neglect for the purposes of [HRCP] Rule 60(b) where the defendant, after receiving notice, failed to appear or answer." (quoting *Original Appalachian Artworks v. Yuil Int'l Trading Corp.*, 105 F.R.D. 113, 116 (1985)) (ellipses and internal quotation marks omitted)). In sum, Hung did not establish that she had a meritorious defense to the underlying action, that her failure to appear at the hearing

on Mitchell's Petition was not a willful act, or that the Family Court manifestly abused its discretion in denying the Motion to Dissolve.

Therefore, we affirm the Order Denying Motion to Dissolve Existing Order Filed on: October 14, 2015, filed on November 2, 2015, and the Order Denying Respondent's Motion for Reconsideration Filed on November 12, 2015, filed on December 1, 2015, in the Family Court of the First Circuit.

DATED:   Honolulu, Hawaiʻi, February 28, 2018.

On the brief:

Maggie Angela Hung,
Pro Se Respondent-Appellant.

Presiding Judge

Associate Judge

Associate Judge